UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SEAN ROSELAND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 11-CV-8911 |
| LEE LUMBER & BUILDING ) | |
| MATERIAL CORP. d/b/a ) | Judge John W. Darrah |
| SMARTROOMS; ) | |
| HSBC CARD SERVICES, INC., ) | |
| a subsidiary of HSBC BANK USA, N.A.; ) | |
| and HSBC BANK NEVADA, N.A., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Sean Roseland filed suit against Defendants Lee Lumber & Building Material Corp., doing business as "Smartrooms;" HSBC Card Services, Inc; and HSBC Bank Nevada, N.A. He alleges the HSBC Defendants violated the Fair Credit Billing Act and the Truth in Lending Act (Counts I and II). In Count III of his Amended Complaint, Roseland alleges Smartrooms violated the Illinois Consumer Fraud and Deceptive Business Practices Act. Smartrooms moves to dismiss Count III of Roseland's Amended Complaint, pursuant to Fed. R. Civ. P. 9(b) and 12(b)(6).

## BACKGROUND

In April 2010, Roseland entered into an agreement with Smartrooms, placing an order for cabinetry, costing over $20,000.00.[1] (Am. Compl. ¶ 10.) The terms of the contract were performed by both parties: Roseland paid Smartrooms for the cabinetry, and Smartrooms fully delivered the cabinetry to Roseland. (*Id.* ¶ 11.) Roseland does not allege Smartrooms breached this contract. (*Id.* ¶ 12.)

However, following the performance of this contract, Roseland again visited the Smartrooms showroom, expressing an interest in some wainscot paneling. (*Id.* ¶ 15.) A Smartrooms employee visited Roseland's home to measure the walls in order to give Roseland an estimate on the paneling. (*Id.* ¶¶ 16-17.) Roseland claims he never received an estimate for the price of the paneling and never ordered or approved an order for the paneling. (*Id.* ¶¶ 17-18.) Despite never placing an order for paneling, Roseland had paneling delivered to his home from Smartrooms without his authorization. (*Id.* ¶¶ 19-20.) This paneling was the wrong size and not the type Roseland had even considered purchasing. (*Id.* ¶ 21.)

After receiving the unordered paneling, Roseland discovered an unauthorized charge of $943.54 on his HSBC credit card from Smartrooms. (*Id.* ¶ 22.) Smartrooms also charged $943.54 to Roseland's Harris Bank debit card without his authorization. (*Id.* ¶ 23.) Smartrooms refused to rescind the charges; thereafter, Roseland contacted HSBC and Harris Bank to dispute the unauthorized charges. (*Id.* ¶¶ 24-25.) HSBC temporarily

---

[1] In ruling on a motion to dismiss, a complaint is construed "in the light most favorable to the nonmoving party, accept[ing] well-pleaded facts as true, and draw[ing] all inferences" in the plaintiff's favor. *Reger Dev. LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010).

credited him for the disputed charge but then reversed the temporary credit. (*Id.* ¶¶ 29, 31.) Harris Bank concluded that the charge from Smartrooms to Roseland's debit card was invalid and removed the charge from Roseland's Harris Bank account. (*Id.* ¶ 40.)

However, HSBC reversed its temporary credit to Roseland's credit card, finding instead that the Smartrooms' charge represented a valid purchase of materials. (*Id.* ¶ 31.) In support of Smartrooms' claim to HSBC, Smartrooms submitted to HSBC the fully performed, written contract between Roseland and Smartrooms for the previous cabinetry purchase. (*Id.* ¶ 32.) Roseland continued to dispute the charge; and, on January 31, 2011, HSBC informed Roseland that it would not reverse the charge. (*Id.* ¶¶ 34, 39.) To date, Roseland is still being held liable for this $943.54 disputed charge on his HSBC credit card. (*Id.* ¶ 42.)

Roseland filed his Complaint against Defendants on December 15, 2011, and amended his Complaint on April 24, 2012. In the Amended Complaint, Roseland alleges three counts. Count I alleges the HSBC Defendants violated the Fair Credit Billing Act, 15 U.S.C. § 1666, and Regulation Z, 12 C.F.R. § 226.1. Count II alleges a violation of the Truth in Lending Act, 15 U.S.C. § 1643 on the part of the HSBC Defendants. The final count, Count III, alleges Smartrooms violated the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), pursuant to 815 ILCS § 505/2. Smartrooms moves to dismiss Count III, arguing Roseland failed to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and failing to state a claim of fraud with particularity pursuant to Fed. R. Civ. P. 9(b).

## LEGAL STANDARD

To properly assert a claim in a complaint, the plaintiff must present "a short and plain statement of the claim showing that the pleader is entitled to relief and a demand for the relief sought." Fed. R. Civ. P. 8. A defendant may file a motion to dismiss a claim under Federal Rule 12(b)(6) for failure to state a claim upon which relief may be granted. Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (*Iqbal*) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*Twombly*)). While a court is to accept all allegations contained in a complaint as true, this principle does not extend to legal conclusions. *Iqbal*, 129 S. Ct. at 1949. To defeat a motion to dismiss under Rule 12(b)(6), a plaintiff must plead sufficient factual matter to state a claim for relief that is "plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.

Federal Rule of Civil Procedure 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."

## ANALYSIS

Smartrooms moves to dismiss Roseland's claim of its ICFA violation, arguing that Roseland's Amended Complaint "amounts to nothing more than allegations that Defendant Smartrooms failed to fulfill a contractual obligation." (Def.'s Mot. at 2.) First, Smartrooms mischaracterizes the facts alleged in Roseland's Amended Complaint, stating that Roseland ordered the paneling and, for some reason, paid for the paneling on two different credit cards on two different dates. (*Id.*) Smartrooms then alleges that Roseland, upon discovering that the panels were not what he wanted, commenced his dispute of the charges. (*Id.*) Its argument regarding the purported breach of contract is unpersuasive. Nowhere in Roseland's Amended Complaint does he allege that a contract between Smartrooms and Roseland existed with regards to the wainscot paneling. Moreover, Smartrooms presents no properly considered basis to support its claim that such a contract existed. Therefore, it is clear from Roseland's Amended Complaint that he is *not* alleging a breach of contract, as he asserts that no contract existed between the parties regarding the paneling.

Moreover, Roseland has adequately stated a claim under the ICFA. The ICFA provides that:

> unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful . . . .

815 ILCS § 505/2. To allege a claim under this Act, a plaintiff must allege: "(1) a deceptive act or practice by the defendant, (2) the defendant's intent that [others] rely on

5

the deception, (3) the occurrence of the deception in the course of conduct involving trade or commerce, and (4) actual damage to the plaintiff (5) proximately caused by the deception." *Padilla v. Costco Wholesale Corp.*, No. 11 C 7686, 2012 WL 2397012, at *2 (N.D. Ill. June 21, 2012) (quoting *Oliveira v. Amoco Oil Co.*, 201 Ill.2d 134 (Ill. 2002)).

Here, Roseland has sufficiently pled the elements of an ICFA claim. Roseland alleges that Smartrooms delivered the paneling to him, intending "to make him believe he was then obligated to pay for such unsolicited goods." (Am. Compl. ¶ 59.) Smartrooms further deceived HSBC into believing the paneling was, in fact, solicited by Roseland, in order to induce HSBC to maintain the charge on Roseland's credit card. (*Id.* ¶ 60.) In furtherance of the deception, Smartrooms submitted the previous contract entered into by Roseland with Smartrooms for the cabinetry, which had already been paid for by Roseland. (*Id.* ¶ 63.) This conduct occurred in the course of Smartrooms' business. (*Id.* ¶ 66.) As a result, Roseland alleges he suffered damages, including "responsibility for the fraudulent charge, the interest thereon, damage to his credit, and stress and aggravation." (*Id.* ¶ 67.) Therefore, taking all the facts Roseland has alleged as true, he has sufficiently stated a plausible claim under the ICFA.

Smartrooms further alleges Roseland has failed to plead fraud with particularity, as required by Fed. R. Civ. P. 9(b). "When a plaintiff in federal court alleges fraud under the ICFA, the heightened pleading standard of Federal Rule of Civil Procedure 9(b) applies." *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 441 (7th Cir. 2011) (*Pirelli*). In alleging fraud with particularity, under Fed. R. Civ. P. 9(b), a plaintiff must provide the "who, what, when, where, and how" of the

fraud. *United States ex rel. Lusby v. Rolls-Royce Corp.*, 570 F.3d 849, 853 (7th Cir. 2009). Here, Roseland has pled his ICFA claim with particularity, providing a detailed account of the allegedly fraudulent activity Smartrooms engaged in to induce both Roseland and his credit card company to believe that it had properly charged Roseland for the paneling Roseland claims to have never ordered.

## CONCLUSION

For the reasons set forth above, Smartrooms' Motion to Dismiss Count III of Roseland's Amended Complaint is denied.

Date: /0-3-/2

JOHN W. DARRAH
United States District Court Judge